**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**THE SAMUEL LAW FIRM**
Michael Samuel (MS 7997)
1441 Broadway
Suite 6085
New York, New York 10018
(212) 563-9884
michael@thesamuellawfirm.com

Attorneys for Plaintiff, Individually
and on behalf of all others similarly
situated

| | |
|---|---|
| Yaritza Salazar Guerrero, on behalf of herself and all other persons similarly situated,<br><br>  Plaintiff,<br><br>  - vs. –<br><br>NUEVO TULCINGO AZTECA CORP. d/b/a Nuevo Azteca Mex-Restaurant, and Gilberto Molina,<br><br>  Defendants. | DOCKET NO. _____<br><br>**COMPLAINT**<br><br>**COLLECTIVE ACTION** |

Plaintiff Yaritza Salazar Guerrero, by and through her undersigned attorneys, for her complaint against defendants NUEVO TULCINGO AZTECA CORP. d/b/a Nuevo Azteca Mex-Restaurant, and Gilberto Molina, alleges as follows, on behalf of herself and on behalf of all other persons similarly situated:

**NATURE OF THE ACTION**

1. Plaintiff Yaritza Salazar Guerrero, on behalf of herself and all other persons similarly situated current and former employees of defendants NUEVO TULCINGO AZTECA CORP. d/b/a Nuevo Azteca Mex-Restaurant and Gilberto Molina, who elect to opt into this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), allege that they are entitled to: (i) compensation for wages paid at less than the statutory minimum wage, (ii) unpaid wages from defendants for overtime work for which they did not receive overtime premium pay as required by law, and (iii) liquidated damages pursuant to the FLSA, 29 U.S.C. §§ 201 et seq., because the defendants' violations lacked a good faith basis.

2. Plaintiff further complains that she is entitled to (i) compensation for wages paid at less than the statutory minimum wage; (ii) back wages for overtime work for which the defendants willfully failed to pay overtime premium pay as required by the New York Labor Law §§ 650 et seq. and the supporting New York State Department of Labor regulations; (iii) compensation for the defendants' violations of the "spread of hours" requirements of New York Labor Law; (iv) compensation for the defendants' illegal deductions from gratuities under New York Labor Law §§ 196-d and 663; (v) liquidated damages pursuant to New York Labor Law for these

violations; and (vi) statutory damages for the defendants' violation of the Wage Theft Prevention Act.

## THE PARTIES

3. Plaintiff Yaritza Salazar Guerrero is an adult individual residing in New York, New York.

4. Ms. Salazar Guerrero consents in writing to be a party to this action pursuant to 29 U.S.C. § 216(b);

5. Defendant NUEVO TULCINGO AZTECA CORP. d/b/a Nuevo Azteca Mex-Restaurant, is a domestic business corporation organized under the law of the State of New York (hereinafter also referred to as "Nuevo Azteca") with a principal place of business at 134 East 170th Street, Bronx, New York, 10456.

6. Defendant NUEVO TULCINGO AZTECA CORP. owns and operates the Nuevo Azteca restaurant, located at 134 East 170th Street, Bronx, New York.

7. At all relevant times, defendant Nuevo Azteca was an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

8. At all relevant times, defendant Nuevo Azteca has been and continues to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

9. Upon information and belief, at all relevant times, defendant Nuevo Azteca has had gross revenues in excess of $500,000.00.

10. Upon information and belief, at all relevant times herein, defendant Nuevo Azteca has used goods and materials produced in interstate commerce, and has employed at least two individuals who handled such goods and materials.

11. Defendant Gilberto Molina is an owner or part owner and principal of Nuevo Azteca, who has the power to hire and fire employees, set wages and schedules, and maintain their records.

12. At all relevant times, Defendant Gilberto Molina was involved in the day-to-day operations of Nuevo Azteca and played an active role in managing the business.

13. Defendants constituted "employers" of Plaintiff as that term is used in the Fair Labor Standards Act and New York Labor Law.

**JURISDICTION AND VENUE**

14. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367. In addition, the Court has jurisdiction over Plaintiffs' claims under the FLSA pursuant to 29 U.S.C. § 216(b).

15. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because the defendants' business is located in this district.

## COLLECTIVE ACTION ALLEGATIONS

16. Pursuant to 29 U.S.C. § 206 and § 207, Plaintiff seeks to prosecute their FLSA claims as a collective action on behalf of a collective group of persons defined as follows:

> All persons who are or were formerly employed by defendants in the United States at any time since December 25, 2018, to the entry of judgment in this case (the "Collective Action Period"), who were restaurant employees, and who were not paid statutory minimum wages and/or overtime compensation at rates at least one-and-one-half times the regular rate of pay for hours worked in excess of forty hours per workweek (the "Collective Action Members").

17. The Collective Action Members are similarly situated to Plaintiff in that they were employed by defendants as non-exempt employees, and were denied payment at the statutory minimum wage and/or were denied premium overtime pay for hours worked beyond forty hours in a week.

18. They are further similarly situated in that defendants had a policy and practice of knowingly and willfully refusing to pay them the minimum wage or overtime.

19. Plaintiff and the Collective Action Members perform or performed the same or similar primary duties, and were subjected to the same policies and practices by defendants.

20. The exact number of such individuals is presently unknown, but is known by defendants and can be ascertained through appropriate discovery.

**FACTS**

21. At all relevant times herein, the defendants owned and operated Nuevo Azteca, a pizza restaurant in Manhattan, New York.

22. Plaintiff Yaritza Salazar Guerrero has been employed at Nuevo Azteca since approximately March 15, 2021.

23. Ms. Salazar Guerrero has been employed as a chef's assistant, waitress and food preparer.

24. Ms. Salazar Guerrero's work has been performed in the normal course of defendants' business, was integrated into the business of defendants, and did/does not involve executive or administrative responsibilities.

25. At all relevant times herein, Ms. Salazar has been an employee engaged in commerce and/or in the production of goods for commerce, as defined in the FLSA and its implementing regulations.

26. From the beginning of her employment by Defendants from until July 2021, Ms. Salazar Guerrero worked a regular

6

schedule seven days per week, as follows:  Monday and Tuesday from 12 p.m. until 2 a.m.; Wednesday and Thursday from 5 p.m. until 2 a.m.; and Friday, Saturday and Sunday from 6 p.m until 5 a.m.

27. Consequently Ms. Salazar Guerrero was working approximately 79 hours per week during that period of her employment by the defendants.

28. From July 2021 through the third week of August 2021, Ms. Salazar Guerrero worked a regular schedule of six days per week, with the same daily schedule as specified above except that on Thursdays she is off.

29. As a result, she has been working approximately 70 hours per week during this period of her employment by the defendants.

30. Since the last week of August 2021, Ms. Salazar Guerrero has been working a regular schedule five days per week with the same daily schedule as specified above, except that she is off on Wednesdays and Thursdays.

31. Consequently, Plaintiff has been working 61 hours per week during this period of her employment by Defendants.

32. Ms. Salazar Guerrero has been paid weekly in cash throughout her employment by Defendants, at the rate of $650 per week when she worked seven days, $550 per week when she worked six days, and $500 per week when she works five days.

33. Plaintiff received these weekly amounts described herein above for all she worked each week, regardless of the exact number of hours worked in a given week.

34. As a result, Plaintiff's effective rates of pay were each below the statutory New York City minimum wage in effect at relevant times.

35. Defendants' failure to pay Plaintiff an amount at least equal to the New York City minimum wage in effect during relevant time periods was willful, and lacked a good faith basis.

36. Plaintiff has been paid in cash throughout her employment by the defendants, and received no paystubs or wage statements of any sort with her pay.

37. In addition, the defendants failed to pay Plaintiff any overtime "bonus" for hours worked beyond 40 hours in a workweek, in violation of the FLSA, the New York Labor Law, and the supporting New York State Department of Labor regulations.

38. Defendants' failure to pay Plaintiff the overtime bonus for overtime hours she worked was willful and lacked a good faith basis.

39. Defendants also failed to pay Plaintiff an additional hour's pay at the minimum wage for each day she

worked a shift lasting in excess of ten hours from start to finish ("spread-of-hours premium").

40. Defendants failed to provide Plaintiff with a written notice providing the information required by the Wage Theft Prevention Act – including, *inter alia*, the defendants' contact information, the regular and overtime rates, and intended allowances claimed – and failed to obtain Plaintiff's signature acknowledging the same, upon Plaintiff's hiring or at any time thereafter, in violation of the Wage Theft Prevention Act in effect at the time.

41. Defendants failed to provide Plaintiff with weekly records of their compensation and hours worked, in violation of the Wage Theft Prevention Act.

42. Upon information and belief, throughout Plaintiff's employment, and before that time (throughout the Collective Action Period) and continuing until today, Defendants have likewise employed other individuals like Plaintiff (the "Collective Action Members") in positions at Defendants' restaurant that required little skill, no capital investment, and with duties and responsibilities that did not include any managerial responsibilities or the exercise of independent judgment.

43. Defendants applied the same employment policies, practices, and procedures to all Collective Action Members,

including policies, practices, and procedures with respect to the payment of minimum wages and overtime.

44. Upon information and belief, Defendants have failed to pay these other individuals at a rate at least equal to the minimum wage, in violation of the FLSA and the New York Labor Law.

45. Upon information and belief, these other individuals have worked in excess of forty hours per week, yet defendants have likewise failed to pay them overtime compensation of one-and-one-half times their regular hourly rate in violation of the FLSA and the New York Labor Law.

46. Upon information and belief, these other individuals were not provided with required wage notices or weekly wage statements as specified in New York Labor Law §§ 195.1, 195.3, and the Wage Theft Prevention Act.

47. Upon information and belief, while the defendants employed the plaintiffs and the Collective Action Members, and through all relevant time periods, the defendants failed to maintain accurate and sufficient time records or provide accurate records to employees.

48. Upon information and belief, while the defendants employed Plaintiff and the Collective Action Members, and through all relevant time periods, the defendants failed to post or keep posted a notice explaining the minimum wage and

overtime pay rights provided by the FLSA or New York Labor Law.

## COUNT I

### (New York Labor Law – Minimum Wage)

49. Plaintiff, on behalf of herself and all Collective Action Members, repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

50. At all relevant times, Plaintiff was employed by defendants within the meaning of the New York Labor Law, §§ 2 and 651.

51. Defendants willfully violated Plaintiff's rights by failing to pay her compensation in excess of the statutory minimum wage in violation of the New York Labor Law §§ 190-199, 652 and their regulations.

52. Defendants' failure to pay compensation in excess of the statutory minimum wage was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations.

53. Due to the defendants' New York Labor Law violations, Plaintiff and the Collective Action Members are entitled to recover from defendants their unpaid compensation, liquidated damages, interest, reasonable

attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198, and § 663(1).

## COUNT II

### (Fair Labor Standards Act - Overtime)

54. Plaintiff, on behalf of herself and all Collective Action Members, repeat, reallege, and incorporate by reference the foregoing allegations as if set forth fully and again herein.

55. At all relevant times, the defendants employed Plaintiff and each of the Collective Action Members within the meaning of the FLSA.

56. At all relevant times, the defendants had a policy and practice of refusing to pay overtime compensation to their employees for hours they worked in excess of forty hours per workweek.

57. As a result of defendants' willful failure to compensate their employees, including Plaintiff and the Collective Action Members, at a rate at least one-and-one-half times the regular rate of pay for work performed in excess of forty hours per workweek, the defendants have violated, and continue to violate, the FLSA, 29 U.S.C. §§ 201 et seq., including 29 U.S.C. §§ 207(a)(1) and 215(a).

58. The foregoing conduct, as alleged, constituted a willful violation of the FLSA within the meaning of 29 U.S.C.

§ 255(a), and lacked a good faith basis within the meaning of 29 U.S.C. § 260.

59. Due to the defendants' FLSA violations, Plaintiff and the Collective Action Members are entitled to recover from the defendants their unpaid overtime compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

**COUNT III**

**(New York Labor Law - Overtime)**

60. Plaintiff, on behalf of themselves and all Collective Action Members, repeat, reallege, and incorporate by reference the foregoing allegations as if set forth fully and again herein.

61. At all relevant times, Plaintiff was employed by the defendants within the meaning of the New York Labor Law, §§ 2 and 651.

62. Defendants willfully violated Plaintiff's rights by failing to pay her overtime compensation at rates at least one-and-one-half times the regular rate of pay for each hour worked in excess of forty hours per workweek in violation of the New York Labor Law §§ 650 et seq. and its supporting regulations in 12 N.Y.C.R.R. § 146.

63. Defendants' failure to pay overtime was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations.

64. Due to the defendants' New York Labor Law violations, Plaintiff and the Collective Action Members are entitled to recover from the defendants their unpaid overtime compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198, and § 663(1).

### COUNT IV

### (NEW YORK LABOR LAW – SPREAD OF HOURS)

65. Plaintiff, on behalf of herself and all Collective Action Members, repeat, reallege, and incorporate by reference the foregoing allegations as if set forth fully and again herein.

66. At all relevant times, Plaintiff was employed by Defendants within the meaning of the New York Labor Law, §§ 2 and 651.

67. Defendants willfully violated Plaintiff's rights by failing to pay her an additional hour's pay at the minimum wage for each day she worked a shift lasting in excess of ten hours from start to finish, in violation of the New York Labor

Law §§ 650 et seq. and its regulations in 12 N.Y.C.R.R. § 142-2.4.

68. Defendants' failure to pay the "spread of hours" premium was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 163 and supporting regulations.

69. Due to Defendants' New York Labor Law violations, Plaintiff and the Collective Action Members are entitled to recover from Defendants their unpaid compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198, and § 663(1).

### COUNT V

### (New York Labor Law – Wage Theft Prevention Act)

70. Plaintiff, on behalf of herself and all Collective Action Members, repeat, reallege, and incorporate by reference the foregoing allegations as if set forth fully and again herein.

71. At all relevant times, Plaintiff has been employed by the defendants within the meaning of the New York Labor Law, §§ 2 and 651.

72. Defendants willfully violated Plaintiff's rights by failing to provide her with the wage notices required by the

Wage Theft Prevention Act when she was hired, or at any time thereafter.

73. Defendants willfully violated Plaintiff's rights by failing to provide her with weekly wage statements required by the Wage Theft Prevention Act at any time during her employment.

74. Due to the defendants' New York Labor Law violations relating to the failure to provide paystubs, Plaintiff is entitled to recover from the defendants statutory damages of $250 per day, for each day by the defendant of her employment by the defendants, up to the maximum statutory damages.

75. Due to the defendants' New York Labor Law violations relating to the failure to provide wage notices, Plaintiff is entitled to recover from the defendants statutory damages of $50 per day for each day of her employment by the defendants, up to the maximum statutory damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief:

    a. Designation of this action as a collective action on behalf of the Collective Action Members and

prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of an FLSA Opt-In Class, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and appointing Plaintiffs and their counsel to represent the Collective Action Members;

b. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

c. An injunction against the defendants and their officers, agents, successors, employees, representatives, and any and all persons acting in concert with them, as provided by law, from engaging in each of the unlawful practices, policies, and patterns set forth herein;

d. A compensatory award of unpaid compensation, at the statutory overtime rate, due under the FLSA and the New York Labor Law;

e. Compensatory damages for failure to pay the minimum wage pursuant to New York Labor Law;

f.  Compensatory damages for failure to pay the "spread of hours" compensation pursuant to New York Labor Law;

g.  An award of liquidated damages as a result of defendants' willful failure to pay the statutory minimum wage, overtime, and "spread of hours" compensation pursuant to 29 U.S.C. § 216;

h.  Liquidated damages for the defendants' New York Labor Law violations;

i.  Statutory damages for the defendants' violation of the New York Wage Theft Prevention Act;

j.  Back pay;

k.  Punitive damages;

l.  An award of prejudgment and postjudgment interest;

m.  An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

n.  Such other, further, and different relief as this Court deems just and proper.

Dated: August 25, 2022

/s/ Michael Samuel
Michael Samuel (MS 7997)
THE SAMUEL LAW FIRM
1441 Broadway

Suite 6085
New York, New York 10018
(212) 563-9884
Attorneys for Plaintiff,
*Individually and on behalf of an FLSA collective action*